IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-000414-REB-MEH

WILLIAM DAVIS,

    Plaintiff,

v.

ARAPAHOE COUNTY and
ROBERT PATTERSON, in his individual capacity,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO COMPEL

Defendants have filed a Motion to Compel Discovery (Docket #71). The matter is briefed, and oral argument would not materially assist the Court. For the following reasons, the Defendants' motion is **granted in part** and **denied in part**.

Defendants first move to compel a more detailed response to Interrogatory No. 11, which sought Plaintiff's explanation of his alleged statements that the Defendants engaged in wrongful and wasteful expenditure of public funds. The Court finds that Plaintiff's supplement responses are, for the most part, adequate, and Defendant's arguments against them are principally in the nature of impeachment of the accuracy of the claims. However, Plaintiff should identify and produce any responsive documents, to the extent they exist and Plaintiff has possession, custody or control of such documents. Therefore, to this extent the Motion to compel is **granted**, but **denied** in all other respects (with the exception of a supplemental deposition, as noted below).

Defendants' second disagreement is with Plaintiff's responses to Interrogatory No. 25 and Request for Production No. 11, relating to Plaintiff's mitigation of his damages by seeking alternative employment. The Court agrees with Defendant that Plaintiff's inconsistent statements (describing

in his deposition only very limited efforts to seek alternative employment, but providing quite a different story in his supplemental responses to discovery) create a significant problem. However, the Court believes that the most efficient manner in which to handle the discrepancy is to allow Defendants to take a supplemental deposition of Plaintiff on those mitigation efforts disclosed in the supplemental responses. Further, Plaintiff's counsel should confirm with Defendants' counsel, and affirmatively and clearly state, that Plaintiff has no documents left to produce, relevant to his mitigation efforts. Moreover, prior to the supplemental deposition, Plaintiff should provide in writing, to the extent he is able, the dates of contact with the prospective employers. Therefore, to this extent, the Motion to Compel is **granted**.

The final area of disagreement is Plaintiff's response to Request for Admission No. 1, concerning the accuracy of the 1996 Fleet Services Manager job description. Plaintiff has given inconsistent versions of his position regarding whether that job description (provided in hard copy by Defendants) was accurate, and accurately described his duties during the relevant time period. The Court will permit this information to be a subject of the supplemental deposition. To this extent, the Motion to Compel is **granted**.

Finally, during this deposition Defendants may make limited inquiry into Plaintiff's knowledge of the alleged waste of taxpayer funds as addressed by the Court above. The deposition may be held for no more than two hours.

Accordingly, as set forth above, Defendants' Motion to Compel Discovery [Filed April 25, 2007; Docket #71] is **granted in part** and **denied in part**. The parties are to accomplish this supplemental deposition on or before **June 29, 2007**.

Dated at Denver, Colorado this 6th day of June, 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge