IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-000414-REB-MEH

WILLIAM DAVIS,

    Plaintiff,

v.

ARAPAHOE COUNTY and
ROBERT PATTERSON, in his individual capacity,

    Defendants.

_____

### ORDER ON PLAINTIFF'S MOTION TO COMPEL
_____

Plaintiff has filed a Motion to Compel Discovery (Docket #72). The matter is briefed, and oral argument would not materially assist the Court. For the following reasons, Plaintiff's motion is **granted in part** and **denied in part**.

**I.**     **Facts**

Plaintiff alleges that Defendant Arapahoe County terminated his employment in retaliation for the exercise of First Amendment right of free speech in criticizing alleged misuse of public funds.

**II.**     **Personnel Files**

Plaintiff seeks the personnel files of certain County employees, namely Messrs. Patterson (Director of Facilities and Fleet Management), Sedlak (Manager of the Road and Bridge Division), Ashby (Purchasing Manager), and Sullivan (Assistant Director of Operations of Arapahoe County), and Ms. Skahill (Risk Manager). Messrs. Ashby and Sedlak, and Ms. Skahill, were not in Plaintiff's chain of authority. Mr. Patterson testified that it was his decision to terminate Plaintiff. It appears that Mr. Sullivan was Mr. Patterson's superior. Defendant is objecting to the request but has

produced the files of Gary Kidwell (a foreman with the County) and Harold Reichert (a former mechanic with the County). In addition, Defendant has represented that no relevant employee was disciplined for anything related to alleged retaliation during the period relevant to this case and, thus, there would be no personnel file entries relating to such discipline.

In his reply, Plaintiff identifies that the following are relevant bases for requesting the personnel files he seeks:

(1) as to Mr. Sedlak: his use of proprietary specifications; his misuse of the competitive bidding process; his express desire that Plaintiff be terminated; and his improper purchases of Mack trucks (purchases which Sedlak initiated);

(2) as to Mr. Ashby: his involvement in and knowledge of Sedlak's decision to forego the competitive bidding process; and his failure to ensure that the County did not use proprietary specifications;

(3) as to Ms. Skahill: his knowledge of complaints that Plaintiff made about unsafe conditions at the shop; and

(4) as to Mr. Sullivan: his knowledge of Plaintiff's concern that the Road & Bridge Department was not complying with the County safety manual.

The Court believes that Plaintiff's request is very close to a request for all personnel files "of all employees plaintiff suspect[s] of having any role in [her] termination," *Rockfeller v. Abraham*, 23 Fed. Appx. 893, 896 (10th Cir. 2001) (finding such a request overly broad). A request asking for "personnel files" is no more helpful than a request asking for "medical records." Any request for production of documents should be tailored to elicit records that are potentially relevant to the issues in the case. There is no purpose in producing administrative documents such as health benefit elections, retirement contributions, and the like.

The Court believes that the following categories of documents are sufficiently relevant for purposes of the Federal Rules of Evidence and Civil Procedure to require their production, pursuant

to the Protective Order in this case, at this time, from the five individuals named. This is not, of course, a statement about the documents' ultimate admissibility, a decision that will be left to the District Judge who conducts the trial of this matter. Defendants may redact any irrelevant information (*e.g.*, Social Security numbers, addresses, etc.) from these documents.

(1) Any document relating to any of the four enumerated issues above (which would include any disciplinary records) or to Plaintiff's employment; and

(2) Performance reviews for the five years preceding Plaintiff's separation.

Plaintiff and his counsel must be mindful that the Court will be very protective of the individual employees' legitimate privacy concerns, and any inappropriate use or disclosure of these records would occasion further proceedings before the Court.

### III.   E-Mails

In the Motion to Compel, Plaintiff raised the issue of the production of e-mails sent to Ms. Skahill, but the lack of any responding e-mails or other documents *from* Ms. Skahill. Defendant represented that all responsive documents had been produced, a representation that Plaintiff accepted at face value, as does this Court. In the Reply, Plaintiff now requests similar e-mails from or to other individuals. The Court will thus not consider the request. *E.g.*, *Carney v. City and County of Denver*, No. 05-cv-00971-REB-PAC, 2006 WL 2884767 at *2 n.2 (D. Colo. Oct. 10, 2006) (finding that the Court will not address issues raised for the first time in a reply brief). Thus, the Motion to Compel is **denied** as to e-mails.

### IV.   Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Plaintiff's Motion to Compel Discovery (Docket #72) is **granted in part** and **denied in part**, as stated herein.

Responsive document should be produced by June 27, 2007.

Dated at Denver, Colorado, this 13th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge